Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4785 | **DATE** | 7/13/2012 |
| **CASE TITLE** | Abayomi Adedeji (#2007-0018286) v. Tom Dart, et al | | |

**DOCKET ENTRY TEXT:**

Plaintiff is directed to show cause as to why this case should not be dismissed because he comes within the definition of the class established in *John Smentak v. Sheriff of Cook County*, Case No. 09 C 0529 (N.D.Ill) (Lefkow, J.) Failure to respond by 8/13/2012, will result in summary dismissal of this case. In the event a response is filed, defendants' reply is to be filed by 9/13/2012.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in state custody, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Tom Dart, the Cook County Sheriff, and Jean Kiriazes, the former director of medical services at Cermak Health Services which provides health care to the inmates at the Cook County Jail, violated Plaintiff's constitutional rights by subjecting him to deliberate indifference to a serious medical need. More specifically, Plaintiff alleges that starting in September of 2007 he began seeking treatment for a painful tooth. Ultimately, he alleges, because of the poor treatment he received, the tooth ended up having to be extracted.

Plaintiff's sole claim in this case places him firmly within the definition of a class certified in a class action presently pending in the Northern District of Illinois: *John Smentak v. Sheriff of Cook County*, Case No. 09 C 0529 (N.D.Ill) (Lefkow, J.) The class certified in *Smentak* was defined as "all inmates housed at the Cook County Department of Corrections on or after January 1, 2007, who have made a written request for dental treatment because of acute pain and who suffered prolonged and unnecessary pain because of lack of treatment." *Id.* The class in *Smentak* was certified pursuant to FED R. CIV. P. 23(b)(3). *Id.* As Plaintiff comes within the definition of the class in *Smentak*, and there is no evidence in the record that he has made a timely election to opt out, it appears that he is included in that class. In class actions certified under FED R. CIV. P. 23(b)(3), members of a class are "automatically included and remain so unless they make a timely election to opt out." *Sperling v. Hoffman-LaRoche, Inc.*, 24 F.3d 463, 470 (3rd Cir. 1994). *See also Turner v. Publishers Clearing House Executives*, 39 Fed. Appx. 446, 447 (7th Cir. 2002).
**(CONTINUED)**

AWL

## STATEMENT (continued)

Accordingly, Plaintiff is ordered to show cause by 8/13/2012 why this case should not be dismissed as he is a member of the class in *Smentak*, and he did not timely opt out of the certified class there. If Plaintiff has opted out, he should provide the Court with a copy of the document he submitted, timely opting out of the class. If Plaintiff does not comply with this order by 8/13/2012, this case will be terminated on the understanding that Plaintiff is no longer interested in pursuing his claims here, but will be pursuing his claims as a class member in *Smentak*. In the event plaintiff files a response, defendants' to a file a reply 9/14/2012.

09cv4785  Abayomi Adedeji (#2007-0018286) v. Tom Dart, et al